IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RUBY BURNEY, :

        Plaintiff, : Case No. 3:07cv419

  vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

        Defendant. :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #17) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #18) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On April 1, 2009, the United States Magistrate Judge filed a Report and Recommendations (Doc. #17), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and

citations of authority set forth herein, in the Plaintiff's Statement of Specific Errors (Doc. #12), and Objections to the Magistrate Judge's Report and Recommendations (Doc. #18), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #7), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #18) are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence."

Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The decision of the Administrative Law Judge, as defended by the Defendant, in his Response (Doc. #19) to Plaintiff's Objections (Doc. #18) to the Magistrate Judge's Report and Recommendations (Doc. #17), is a case study of the

Administrative Law Judge's substituting his lay opinions for that of the medical experts of record, not to mention rank speculation. The administrative record contains ample, objective findings to support the conclusions of the medical and mental health professionals. What is specifically lacking, however, is a full consideration of the combination of the Plaintiff's physical and mental health impairments on her overall ability to participate in the workplace.

  2. Remand for additional administrative proceedings, rather than a remand for the payment of benefits, is proper herein, given that the Defendant's decision of non-disability is not supported by substantial evidence and the Plaintiff's entitlement to benefits is not clear. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

  3. On remand, the Administrative Law Judge is directed to take any and all necessary steps, including the taking of additional testimony, to determine whether this Plaintiff, now some 56 years of age, was disabled, within the meaning of the Social Security Act, from her onset date of July 1, 2001, due to either her physical impairments, her mental impairments (The evidence appears to be undisputed that Plaintiff has been diagnosed as having bipolar disorder, mixed), or a combination of the two. In addition to the taking of additional testimony, the Administrative Law Judge is directed to further analyze the medical evidence of record, without the substitution of his own personal, lay opinion therefor.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #17) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #18) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative procedures consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 22, 2009  /s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Steven B. Horenstein, Esq.
John J. Stark, Esq.
Cynthia A. Freburg, Esq.